CITY OF MERIDEN *v.* BOARD OF TAX REVIEW OF THE TOWN OF BERLIN

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 2—decided June 25, 1971

*Harry N. Jackaway,* for the appellant (defendant).

*Morton H. Greenblatt,* for the appellee (plaintiff).

RYAN, J. The city of Meriden owns 745 acres of land in the town of Berlin, which is used for water-supply purposes. The tax assessor of Berlin assessed the land on the list of October 1, 1969, as improved farmland under the provisions of § 12-76 of the General Statutes.[1] The plaintiff admits that it does not furnish the right to use and the use of

---

[1] "[General Statutes] Sec. 12-76. . . . Land owned or taken by any municipal corporation for the purpose of creating or furnishing a supply of water for its use shall be exempt from taxation when the inhabitants of the town in which such land is situated have the right to use, and use, such water supply upon the same terms as the inhabitants of such municipal corporation; otherwise such land shall be liable to taxation and shall be assessed in the town in which such land is situated to the corporation owning or controlling such water supply at what would be its fair market value were it improved farm land."

such water supply to the inhabitants of the town of Berlin on the same terms and conditions as it does to the inhabitants of the city of Meriden. The plaintiff applied to the state forester for a certificate designating these lands as forest lands under the provisions of § 12-107d and the state forester issued the certificate. The plaintiff, thereafter, applied to the assessor of the town of Berlin for classification of the 745 acres as forest land, but the assessor refused to make such classification, claiming that the land must be assessed as improved farmland under the provisions of § 12-76. The plaintiff duly appealed to the defendant board of tax review of the town of Berlin from the action of the assessor. The board made no change in the classification or the assessment of the plaintiff's land and the plaintiff appealed to the Court of Common Pleas, which sustained the plaintiff's appeal and reclassified the property in question from "improved farm land" valued at $214,560 to "forest land" valued at $22,350. The defendant has appealed to this court.

The following question is basic in the determination of this appeal: Is the plaintiff's land used for water-supply purposes and located in the town of Berlin subject to taxation as forest land under the provisions of § 12-107d, or is it subject to taxation as improved farmland under the provisions of § 12-76?

An examination of the legislative history of the statutes is required. In *West Hartford* v. *Water Commissioners,* 44 Conn. 360, it was held that land owned by a municipal corporation and used by it for reservoir purposes was not liable to assessment for taxes in an adjoining town where the land was located. After that decision was rendered, however, chapter 79 of the Public Acts of 1879, the

predecessor of § 12-76, was enacted by the legislature. The statute provided that land so owned, used and situated should be set in the list for taxation in the town where it is situated at a valuation which would be fair for such land if used for agricultural purposes, unless the inhabitants of the town where the land is situated were given the right to use, and actually did use, the water supply from such reservoir on the same terms and conditions as the inhabitants of the municipality which owned the reservoir, in which case the land was exempted from taxation. "The purpose in view in the enactment seems apparent. Under existing law as held in *West Hartford* v. *Water Commissioners,* 44 Conn. 360, land owned or taken for reservoir purposes by a municipality was removed from the assessment list of the town where the land was situated. Such town thus became a loser by such taking, unless its inhabitants had the use of the water-supply thus created. If they were given the use of the water-supply upon the same terms as the inhabitants of the municipality owning the reservoir, they shared in the public use. It was proper that towns not thus sharing in the public benefit should not lose the tax upon the land taken for the reservoir. It was the purpose of the Act to restore this exempted land to the assessment list of such towns." *Norwalk* v. *New Canaan,* 85 Conn. 119, 126, 81 A. 1027. Section 12-76 has remained substantially unchanged except for the method of assessment.

Section 12-81 (4) of the General Statutes provides: "Except as otherwise provided by law, property belonging to, or held in trust for, a municipal corporation of this state and used for a public purpose" shall be exempt from taxation. Section 12-76 is an exception to § 12-81 (4). It permits a

municipality in which there is located land used for water-supply purposes owned by another municipality to tax that land as improved farmland unless its inhabitants are permitted to use and actually do use such water supply on the same terms as the inhabitants of the town which owns the land.

In 1963 the General Assembly enacted Public Act No. 490, the pertinent portions of which in the present inquiry are §§ 1 and 4, now §§ 12-107a and 12-107d, respectively, of the General Statutes. Section 10 of the act was an amendment of § 12-76. Section 12-107a is a declaration of policy and recites that it is in the public interest to encourage the preservation of farmland, forest land and open space land in order to maintain a readily available source of food and farm products close to the metropolitan areas of the state, to conserve the state's natural resources, to provide for the welfare and happiness of the inhabitants of the state, and to prevent the forced conversion of farmland, forest land and open space land to more intensive uses as a result of economic pressures caused by the assessment of the land for the purposes of property taxation at values incompatible with this preservation as farmland, forest land and open space land.

Section 12-107d (a) provides that any owner of land may apply to the state forester for its designation as forest land. The same statute in subsection (c) provides that an owner of land so designated as forest land may apply for its classification as forest land to the assessor of the municipality where the land is located and if the state forester has not canceled his designation of such land as forest land at or prior to the date of the assessment list, "such assessor shall classify such land as forest land and include it as such on such assessment list."

Subsection (f) of this statute authorizes an appeal to the Court of Common Pleas by the municipality within which the land is designated as forest land by the state forester or by the owner of land aggrieved by the refusal of the state forester so to designate his land. Subsection (g) provides that an owner of land aggrieved by the denial of any application to the assessor for classification of land as forest land shall have the same rights and remedies for appeal and relief as are provided in the General Statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review.

The assessor of the town of Berlin claims that the plaintiff's land should be assessed under the provisions of § 12-76 at "what would be its fair market value were it improved farm land." The plaintiff claims that the provisions of § 12-107d, a statute later in date, are controlling and that since the plaintiff has complied with the provisions of this statute, its land should be classified as forest land and included as such in the 1969 assessment list of the town of Berlin. The defendant urges that § 12-107d is broad in character and general in its application; that § 12-76 deals specifically with the situation in question, namely, one municipality owning land used for water-supply purposes located in another municipality wherein it does not supply water to the inhabitants on the same terms and conditions as it does to its own inhabitants; and that § 12-76 is a statute which is specific in its application in conflict with the provisions of § 12-107d, an act general in scope.

It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or an-

other statute which might otherwise prove controlling. *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 110, 214 A.2d 354. Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision. *Kelly* v. *Dewey,* 111 Conn. 281, 292, 149 A. 840.

The defendant also urges that because §§ 12-76 and 12-107d were enacted at the same session of the legislature as parts of the same public act (Public Acts 1963, No. 490) it cannot be said that § 12-107d is controlling by virtue of the fact that it is a later statute. These are, in reality, separate sections. The fact that an amendment of § 12-76 was included in the same public act is without apparent significance other than convenience and because both sections pertain to related subjects. Each of these sections is complete in itself and, so far as appears, covers the entire subject matter intended. Each should be construed independently. "Where the language of a statute is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525; 2 Sutherland, Statutory Construction (3d Ed.) § 4502. 'Its unequivocal meaning is not subject to modification by way of construction. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773; *Swits* v. *Swits,* 81 Conn. 598, 599, 71 A. 782.' *General Tires, Inc.* v. *United Aircraft Corporation,* 143 Conn. 191, 195, 120 A.2d 426." *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835.

While we recognize the well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling, we have no need to invoke this principle in the present case. The legislative history of § 12-76 and the plain, unambiguous language of the statute make it clear that it was the intention of the legislature to exempt from taxation land owned or taken for water-supply purposes by a municipality in the town where the land is situated, provided that town's inhabitants are given the use, and actually use, the water supply, on the same terms as the inhabitants of the town which owns the land. Since the inhabitants of Berlin did not share in this use, it was the intent of the legislature that the town of Berlin should not lose the tax on the land so used. It was the purpose of the statute to restore this exempted land to the assessment list of the town of Berlin and that it should be assessed at its fair market value as improved farmland. *Norwalk* v. *New Canaan,* 85 Conn. 119, 126, 81 A. 1027. There is nothing in either of these statutes to support a claim that the provisions of § 12-107d repealed by implication or in any way amended or modified the method of assessment required by § 12-76.

We are unable to agree with the conclusion of the trial court that because the assessor of the town of Berlin failed to appeal from the classification of the land by the state forester as forest land, he waived the right to object to the change in classification. The defendant claims that such a classification should not apply to municipalities owning the land used for water-supply purposes in other towns. The assessor, of course, could have taken that appeal

404

but in view of the provisions of § 12-107d (g) it was unnecessary, and it seems obvious that this was the intention of the legislature. The statute provides for an appeal by an owner of land aggrieved by the denial of an assessor to classify land as forest land, as the plaintiff did in the present case. A multiplicity of appeals should not be encouraged or required. An appeal by the assessor could determine only the propriety of the classification of the land in question as forest land. It could not solve the ultimate question involved in this case. The present appeal permits the court to determine the question as to whether a classification as forest land should apply to municipalities owning land used for water supply purposes in other municipalities under the provisions of § 12-76. We have concluded that it does not.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.