RUBIN BUDKOFSKY *v.* COMMISSIONER OF
MOTOR VEHICLES

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 14—decision released May 29, 1979

*Alan B. Silver,* with whom, on the brief, was *Stanley Cohen,* for the appellant (plaintiff).

*Cornelius F. Tuohy,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

COTTER, C. J. Following a hearing, the defendant commissioner concluded that the plaintiff, the owner of a Mack truck, had failed to register it in Connecticut in violation of General Statutes § 14-12 (a). As a result, the defendant ordered the suspension of the plaintiff's right to operate his truck on the roads and highways of the state of Connecticut. See General Statutes § 14-111. The Court of Common Pleas affirmed the decision of the commissioner and the plaintiff appealed to this court.

The defendant commissioner found the following pertinent facts: The plaintiff owns a Mack truck which is registered in the state of Florida. The plaintiff is domiciled in Connecticut, has a Connecticut operator's license, and owns other vehicles registered in this state. Although the plaintiff does not maintain a permanent residence in Florida, he uses a Florida registration for his truck because he frequently travels and stays there. Property taxes on the vehicle in Florida are exceptionally low and that state allows double the weight load. The defendant concluded that the plaintiff's failure to register his truck in Connecticut constituted a violation of General Statutes § 14-12 (a). Based upon the

foregoing findings of fact and conclusion of law, the commissioner ordered that the plaintiff's truck "not be operated on the roads and highways of the State of Connecticut until a Connecticut registration is obtained."

We note at the outset that it is not our function nor was it the function of the Court of Common Pleas to retry the case or to substitute our or its judgment for that of the defendant. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 707–708, 372 A.2d 110, cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066. The commissioner, acting in a quasijudicial capacity, must weigh the evidence in rendering a decision. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520. The conclusion reached by the commissioner, however, must be legally supported by the evidence. *Lawrence* v. *Kozlowski,* supra, 708; *Demma* v. *Commissioner of Motor Vehicles,* 165 Conn. 15, 17, 327 A.2d 569.

In the present case, the commissioner concluded that, on the basis of the evidence, the plaintiff's violation of General Statutes § 14-12 (a) had been established. That section provides, in pertinent part, as follows: "No motor vehicle shall be operated or towed upon any highway, except as otherwise expressly provided, without first being registered with the commissioner . . . provided any motor vehicle which is validly registered in another state may, for a period of sixty days following establishment by the owner thereof of residence in this state, be operated upon any highway without first being registered with the commissioner." Although the plaintiff agrees that his residency in this state would otherwise subject him to the registration require-

ment set forth in § 14-12 (a), he contends that where, as here, a commercial motor vehicle is involved, the specific provisions of § 14-12a are controlling notwithstanding the general provisions of § 14-12 (a). As more fully discussed below, we agree with the plaintiff's argument regarding the relationship between these two statutory provisions.

Section 14-12a (a) provides, in relevant part, that "[a]ny commercial motor vehicle . . . shall be registered in this state if: (1) It is most frequently garaged in this state, or, if not garaged at any fixed location, most frequently leaves from and returns to one or more points within this state in the normal course of operations . . . or (2) it receives and discharges the same cargo or passengers within this state." In addition, subsection (c) of this statute specifically provides that "[r]esidence or domicile of the owner . . . shall not be a factor in determining the necessity for registration of the vehicle in this state."

In response to the plaintiff's claim that § 14-12a and not § 14-12 (a) controls in this case, the defendant suggests that § 14-12a simply constitutes an additional registration requirement intended to impose the duty of registration upon *nonresidents* who make significant commercial use of this state's roads and highways. Such an interpretation, however, ignores the fact that residence or domicile is *not a factor* in determining the necessity for registration under this section. It is clear, therefore, that § 14-12a was intended to apply to residents and nonresidents of this state. This being so, we cannot agree with the defendant that § 14-12a has no application under the circumstances of the present case.

As previously noted, § 14-12 (a) provides, inter alia, that "[n]o motor vehicle shall be operated or towed upon any highway, *except as otherwise expressly provided,* without first being registered . . . ." (Emphasis added.) Section 14-12a (a), on the contrary, which was enacted after § 14-12 (a), requires the registration of a commercial vehicle if it is most frequently garaged in this state or if it most frequently travels in and out of the state in the normal course of its operations.

We must presume that the legislature, in enacting § 14-12a, acted in view of existing relevant statutes and with the intention of creating one consistent body of law; and where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect. *State* v. *White,* 169 Conn. 223, 233–34, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399; see 73 Am. Jur. 2d, Statutes § 253. "It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 110, 214 A.2d 354. Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision. *Kelly* v. *Dewey,* 111 Conn. 281, 292, 149 A. 840." *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 401–402, 288 A.2d 435; *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 622, 363 A.2d 1038.

In the present case, therefore, we must conclude that § 14-12a is the controlling provision relating to the registration of commercial motor vehicles,[1] notwithstanding the general registration requirement set forth in § 14-12 (a). Consequently, the decision of the commissioner was erroneous as a matter of law and thus improperly affirmed by the Court of Common Pleas on appeal to that court.

There is error, the judgment is set aside and the case is remanded with direction to sustain the plaintiff's appeal.

In this opinion the other judges concurred.

---

[1] It is significant that Public Acts 1967, No. 684—now § 14-12a of the General Statutes—was entitled at the time of its passage "An act concerning the registration in this state of non-passenger motor vehicles"; and that, in 1971, § 14-12a was amended by Public Acts 1971, No. 612, which was entitled "An act concerning the registration of commercial motor vehicles." See *Miller* v. *Board of Education,* 166 Conn. 189, 193-94, 348 A.2d 584.