[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have stipulated to nearly all the facts relevant to this case. (Stipulation of Facts).
The plaintiffs are resident taxpayers of the Town of Watertown, who reside within the Watertown Fire District, entirely within the defendant town. The defendants are the Town of Watertown, Watertown Sewer and Water Authority (hereinafter "Authority") and various individual officials of the defendant town and Authority.
In this action, the plaintiffs seeking a declaratory judgment (Connecticut General Statutes Section 52-29 and Practice Book Section 389-391) challenges actions of the defendants in appropriating $200,000 of Watertown General Fund Tax Revenues to an annual charge from the City of Waterbury. The charge relates to a pro rata portion of the financing costs of a water filtration plant, from which the defendants receive a supply of water.
The plaintiffs who enjoy their separate water supply system through the Watertown Fire District, claim that the use of general fund revenues to satisfy such obligation is in violation of the Watertown ordinances and Connecticut General Statutes.
The state statutory scheme which the plaintiff cites, Chapter 102 Connecticut General Statutes Sections 7-234 through 7-244a, establishes a comprehensive plan for municipalities to acquire, construct, maintain and finance waterworks systems.
The plaintiffs especially rely on Connecticut General Statutes Section 7-239 which provides in pertinent part.
 The legislative body [of a municipality] shall establish just and equitable rates or charges for the use of the waterworks system authorized herein, to be paid by the owner of each lot or building which is connected with and uses such system, and may change such CT Page 3954 rates or charges from time to time. Such rates or charges shall be sufficient in each year or the payment of the expense or operation, repair, replacement and maintenance of such system and for the payment of the sums herein required to be paid into the sinking fund.
The plaintiffs contend that the defendants are thus limited to user fees for the debt service payment to Waterbury. The plaintiffs in that they do not use the Waterbury water supplied through defendants, object to the use of their general fund taxes for such purposes. Plaintiffs rely on the mandatory express nature of the statute; as a preclusion of the use of general fund revenues for such purposes.
The Consolidated Ordinance of the Town of Watertown is nearly identical to Connecticut General Statutes Section 7-239; and the resolution of the statutory claim will thus dispose of the ordinance claim.
Defendant's position is that Connecticut General Statutes Section 7-239 must be construed as directed by Section 7-244a(c) and consistent with Connecticut General Statutes Section 7-148.
These statutes provide as follows:
Section 7-244a(c):
 "Any powers granted under this section shall be in addition to, and not in derogation of, any powers granted to any municipality under the provisions of its municipal charter or any general statute or special act."
Section 7-148. Scope of Municipal Powers.
 "(c) Powers. Any municipality shall have the power to do any of the following, in addition to all powers granted to municipalities under the constitution and general statutes."
Section 7-148 (2)(B):
 "Assess, levy and collect taxes for general or special purposes on all property subject or objects which may be lawfully taxed, and regulate the mode of assessment CT Page 3955 and collection of taxes and assessments not otherwise provided for;"
Section 7-148 (4)(G):
 "Provide for the furnishing of water, by contract or otherwise;"
The roles of statutory construction direct us to read statutes together to seek a consistent body of law. We must presume that the legislature, in enacting a statute acted in view of existing relevant statutes with the intention of creating one consistent body of law; and where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them a concurrent effect. Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588,592 (1979); State v. White, 169 Conn. 223, 233-34 (1975) cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399; also see 73 Am. Jur.2d, Statutes Section 253.
The statutory scheme would thus authorize the expenditure of general fund revenues for a general purpose acquisition of water resources; while requiring users to pay user rates for the expenses related to their use of water.
The defendants maintain that the approximate $200,000 annual charge at issue in this litigation is the portion of a $300,000 charge for the bond interest on a water treatment facility; reasonably attributable to the general benefit to the town of Watertown derived from securing a source of future water supply. The benefit to the town is claimed to derive from having water available for the development of portions of the town which are not now developed, and to encourage industrial users to locate in the town.
The evidence at trial consisted primarily of expert witnesses called by the respective parties; testifying as to the appropriateness of defendants' action regarding the procurement of future water supplies and the method of taxing for the associated costs.
The plaintiffs' expert opined that the amount of water secured was excessive, based on speculative incorrect growth estimates; and that the switch to an average daily use ratio for charging the water users for only a third of the water filtration plant financing costs was arbitrary and inconsistent. The plaintiffs offered evidence of other available water resources, which were arguably preferable to the City of Waterbury's system.
The defendants' expert testified that the allocation of the CT Page 3956 $200,000 of the $300,000 water filtration plant obligation was reasonable. The users were charged $100,000 in user fees; and they were using only an average daily amount equal to one-third of the water secured for future use by means of the defendants' contract with the City of Waterbury. This was also reasonable in that the users were picking up through user fees all of the defendants' share of the fixed costs of the water filtration system. Defendants' expert further testified as to the value of securing a future source of water for residential and industrial purposes. He was of the opinion that the reservation of three million gallons per day was prudent and reasonable.
The actions of the defendants subject to challenge in this litigation are municipal legislative decisions. The standard for judicial review of such decisions is limited. When municipal authorities are acting within the scope of the formal power expressly conferred upon them in due form of law, the right of courts to supervise, review or restrain them is exceedingly limited. Whitney v. New Haven, 58 Conn. 450, 457 (1890); Peterson v. Norwalk, 150 Conn. 366, 375 (1963). The constitutional separation of powers compels such a result, Malmo's Appeal,72 Conn. 1, 4 (1899).
Court's will interfere in a municipal legislative action only where "fraud, corruption, improper motives or influence, plain disregard of duty, gross abuse or violation of law enter into or characterize" the action taken. McAdam v. Shelton, 153 Conn. 278,281 (1965). Also, see 62. C.J.S. Municipal Corporation Sections 199, 201; 13 McQuillan Municipal Corporations (3d Ed.) Sections 37.03, 37.26; 18 McQuillan Municipal Corporations (3d Ed. Rev.) Section 52.21.
The court finds that the annual $200,000 expenditure for the financial charge associated with the Waterbury Water Filtration Plant is for the general purpose of assuring a future water supply for the Town of Watertown. The reservation of water resources for future residential and industrial use is a benefit to all Town of Watertown residents. Charging a portion of the costs of reserving this supply to the taxpayers as opposed to the current users of the system violates neither state statutes or town ordinances.
The reservation by contract with the City of Waterbury of amounts of water in excess of current needs of the defendants' water system constitutes a general benefit to the Town of Watertown and its citizens; and is not a special benefit to the current users of the defendant authority's water system.
The plaintiffs also claim that the defendants in acting as aforesaid, acted unreasonably in plain disregard of duty and with improper motives and influence. CT Page 3957
In support of these contentions, the plaintiffs cite some evidence of conflict between the Plaintiffs' Watertown Fire District and the balance of the town, especially the Oakville section of Watertown. The Oakville Fire District was abolished and consolidated with the defendant town. The Watertown Fire District voted to remain separate. An option considered by the defendant authority involved obtaining water from the Watertown Fire District rather than the City of Waterbury's system.
A certain degree of political rancor existed as a result of this history. The resolution of these issues affecting the defendants' water system were politically and legislatively determined in a manner authorized by constitutional and statutory enactments. As previously noted, the role of the court in reviewing municipal legislative determination is a limited one.
For the courts to frustrate the majority's wishes in the absence of compelling reasons is to denigrate the power of the coequal legislative and executive branches of government and undermine the democratic principles upon which our system of government is based.
Clearly, other means of obtaining water supplies and of paying for such sources could have been resorted to by the defendant's. The plaintiffs, however, have failed to demonstrate that the means chosen by the defendants are irrational, abusive, improperly motivated or influenced or even unreasonable.
It is not the proper role for the courts or political minorities to make decisions for democratically elected legislative bodies or executive departments as to the appropriate source of water for the political entity or which among many means of financing the costs of acquisitions to adopt.
The reasonable exercise of statutory authority should not be disturbed; unless fraud, corruption, improper motives or influence, plain disregard of duty, gross abuse of power or violation of law characterize such action. The plaintiffs here have failed to establish any of the special circumstances that could justify judicial interference in the municipal legislative function.
CONCLUSION
For the aforementioned reasons, a declaration judgment enters as follows:
1. The cost of the proportionate share of the debt service as established for the fiscal year 1988-1989, and subsequent CT Page 3958 fiscal years, payable to the City of Waterbury by the Town of Watertown is a general benefit to the Town of Watertown.
2. The payment by the Town of Watertown of the annual debt service in the amount specified in the 1988-1989 benefit, and in similar amounts established by the Town in subsequent fixed years, out of the Town's General Fund is not in conflict with provisions of the Consolidated Ordinance of the Town of Watertown or Connecticut General Statutes.
McWEENY, J.