[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT (#109, 110)
The above entitled action is an appeal by the State of Connecticut of a decree of the Probate Court for the District of Waterbury. The appeal is taken pursuant to 45a-186 of the Connecticut General Statutes. More specifically, the court has before it motions for summary judgment filed by both the plaintiff-appellant and the decedent's estate.
Both sides agree that the underlying facts are not in dispute. The court is asked to decide whether 17-83g or 45a-365
of the General Statutes applies with regard to priority in the payment of claims of creditors of the defendant-estate, which is insolvent. The two statutes assign different priorities. If the plaintiff is correct, 17-83g applies and the State will recover approximately $9,000 of public assistance benefits previously paid to the decedent's spouse and minor children. If the defendant is correct, as the Probate Court held, 45a-365 controls, and the State will recover nothing.
The statutes appear directly to contradict each other, a fact which is disturbing in the face of a generally accepted principle that "statutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." Beloff v. Progressive Casualty Ins. Co.,203 Conn. 45, 57 (1987); Jennings v. Connecticut Light Power Co., 140 Conn. 650, 665-66 (1954). Likewise, "when two statutes relate to the same subject matter every effort should be made to find a reasonable field for the operation of both statutes. . . [and] where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect. In re Juvenile Appeal (85-BC), 195 Conn. 344, 365, 488 A.2d 780 (1985). [This is so because] the legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them." Windham First Taxing District v. Windham, 208 Conn. 543, 553-54 (1988). Section 17-83g is a specific statute applicable in the case of an estate whose decedent was a recipient of state aid and assistance. Section 45a-365, on the other hand, has general application to all decedent's estates. It is on this basis that the court resolves the issue, for "[i]t is a well-settled principle of construction that specific terms covering the general subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588, 592 (1979). More succinctly stated, "[u]nder accepted principles of statutory construction. . . provisions of special applicability take precedence over those of general applicability." Reed v. Planning Zoning Commission, 12 Conn. App. 153, 158 (1987). CT Page 2701
The plaintiff's motion for summary judgment is granted, and the defendant's motion for the same such relief is denied.
GAFFNEY, JUDGE