[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Even though these cases involve tax assessments in different towns, they involve the same property owner and abutting parcels of land and raise the same legal issues as to whether the plaintiff is entitled to assessment and taxation of its property as forest land. The main issue in both appeals is whether municipal tax assessors can declassify property as forest land when property is distributed as a result of dissolution of a corporation which owned the property.
The parcels of land in both towns were removed from the forest land classification in early 1989, effective with the list of October 1, 1989. The plaintiff did not appeal the assessment on the list of October 1, 1989, and the parties agree that these appeals only concern the list of October 1, 1990. The plaintiff did not challenge the assessment before the Board of Tax Review in either town when they met in January or February, 1991, and did not appeal the evaluation to the Superior Court pursuant to section 12-118 of the General Statutes. Instead, it appealed the list of October 1, 1990 under section 12-119 of the General Statutes, claiming that its property was wrongfully assessed.
The defendants claim that section 12-119 does not apply to the claims in the appeals. Since this is basically a jurisdictional claim, it must be disposed of first. Section12-119 is not a substitute for a timely appeal under section12-118 where that procedure is available to contest overvaluation. Northeast DataCom, Inc. v. Wallingford,212 Conn. 639, 649, 650; E. Ingraham Co. v. Bristol, 146 Conn. 403,408. The defendants claim that an appeal to the Board of Tax Review and then to the Superior Court under section 12-118 is the proper method to appeal an assessor's decision on classification of forest land, relying upon Meriden v. Board of Tax Review, 161 Conn. 396 and Marshall v. Newington, 156 Conn. 107. While both of these decisions did, on their facts, involve applications and refusal of a Board of Tax Review to classify land as forest land and farm land respectively, neither case holds that section 12-119 is not available to the taxpayer. The Meriden case does not discuss either statute. CT Page 8546 Marshall v. Newington, supra, 114, rejected a claim that section 12-118 was not available to raise the issue, but it did not hold that section 12-119 was not an alternative remedy. The opinion stated:
 "Section 12-107c(d) expressly provides that any person aggrieved by the denial of any application for the classification of land as farmland `shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review.' Section 12-111 authorizes any person claiming to be aggrieved by the doings of assessors to appeal to the board of tax review, `which shall determine all such appeals.' Section 12-118 authorizes an appeal to the Court of Common Pleas by any person claiming to be aggrieved by an action of the board of tax review. The plaintiffs followed the procedure authorized by the applicable statutes."
Section 12-119 applies in two situations: (1) where the tax has been laid on property not taxable in the municipality, and (2) where the assessment was manifestly excessive and could not have been arrived at except by disregarding the statutory provisions for valuation of property. The first situation is basically addressed to an illegal tax. Borough of Fenwick v. Old Saybrook, 133 Conn. 22, 24; Connecticut Light Power Co. v. Oxford, 101 Conn. 383, 389; Faith Center, Inc. v. Hartford,192 Conn. 432, 437; Crescent Beach Assn. v. East Lyme,170 Conn. 66. Most of these cases concerned denial of a tax exemption, which is analogous to the situation here. The second category of section 12-119 cases is where the assessment is both (1) manifestly excessive, and (2) could not have been arrived at except by disregarding the statutory rules for evaluation of property. E. Ingraham Co. v. Bristol, supra, 409. There must be misfeasance or nonfeasance by the taxing authorities or the assessment must be arbitrary or so excessive or discriminatory as in itself to show a disregard of duty. Connecticut Coke Co. v. New Haven 169 Conn. 663, 675. "[S]ection 12-119 requires an allegation that something more than mere valuation is at issue. It is this element that distinguishes section 12-119 from its more frequently invoked companion, section 12-118." Second Stone Ridge Cooperative Corporation v. Bridgeport, 220 Conn. 335, 340.
This case involves a claim that the towns used the wrong assessment statutes in valuing the plaintiff's property, namely, that they assessed it at fair market value rather than current use value. See section 12-63 of the General Statutes. CT Page 8547 This is different from a situation where the disagreement is only over which method of determining fair market value of the property was used, such as in Second Stone Ridge Cooperative Corporation v. Bridgeport, supra, 342. The taxes that the plaintiff will be required to pay in each town if its property is assessed at fair market value is about twenty-five times the amount of its taxation as forest land. The claim is that the towns improperly declassified the parcels as forest land and misinterpreted or disregarded statutory provisions entitling the plaintiff to the forest land classification. The appeals were properly brought under section 12-119, which allows an appeal to be brought within one year from the date as of which the property was last evaluated for purposes of taxation.[1]
The defendants also contend that the plaintiff was required to appeal the assessor's declassification as forest land under section 12-504d of the General Statutes. That provision provides that "[a]ny person aggrieved by the imposition of a tax under the provisions of sections 12-504a to12-504f, inclusive, may appeal therefrom as provided in sections 12-111, 12-112 and 12-118." This statute does not apply to a claim of wrongful termination of a forest land classification, but rather to imposition of a conveyance tax where property which is not exempt from the tax is conveyed within ten years after it was acquired or classified as forest land, farm land or open space land. For reasons discussed below, sections 12-504a through 12-504f do not apply to the situation here, which is governed by section 12-504h, which in turn is not subject to an appeal under section 12-504d.
The defendants also claim that the statute concerning classification of land as forest land, section 12-107d(g), requires this appeal to be taken under section 12-118. Section12-107d(g) provides:
 "An owner of land aggrieved by the denial of any application to the assessor of a municipality for classification of land as forest land shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review."
The argument that an appeal must be taken under section 12-118
is rejected for two reasons. While the statute authorizes an appeal to the board of tax review and then to the Superior Court under section 12-118, Marshall v. Newington, supra, 114, it does not require such an appeal or rule out an appeal under section 12-119 in a proper case. In addition, these appeals do not involve the denial of an application to the assessors of CT Page 8548 either town for classification of property as forest land. The plaintiff did not apply for classification when it acquired the property, but has maintained that the assessors wrongfully revoked an existing forest land classification.
Whether the plaintiff was entitled to maintain the forest land classification requires discussion of the essential facts, most of which were stipulated to or clearly established by exhibits filed by the parties. Timber Trails Associates owns 281 acres in the Town of New Fairfield and 673.2 acres in the Town of Sherman. The acreage in both towns was classified as forest land in the early 1970's pursuant to section 12-107d of the General Statutes when the land was owned by the plaintiff's predecessor in title, Timber Trails Corporation. The corporation dissolved on November 16, 1988 pursuant to section 333 of the Internal Revenue Code, resulting in liquidation and transfer of the assets and liabilities of the corporation to the stockholders in November, 1988. Timber Trails Associates was the only stockholder of Timber Trails Corporation. As a result, all its real and personal property, including the land involved in these appeals, was transferred to the plaintiff. Deeds dated November 16, 1988 from Timber Trails Corporation to Timber Trails Associates were filed two days later with the town clerks of New Fairfield and Sherman. Both deeds recited nominal consideration for the transfer and no conveyance tax was collected by either town clerk. The real estate conveyance statements stated that no consideration was received for the deeds. The Borough of Forestry of the Department of Environmental Protection was notified of the change of owner of record to Timber Trails Associates, issued a certificate which superseded the prior certificate to Timber Trails Corporation, and continued designation of the parcels as forest land under section 12-107d. Since the forest land classification was continued by the state forester, the plaintiff did not reapply to either town for a forest land classification, and took the position that no application was necessary. The assessors maintained that the transfer of the land eliminated the classification requiring a new application for assessment as forest land. The assessors declassified the property and assessed it on the lists of October 1, 1989 and October 1, 1990 at 70 percent of its fair market value.
Timber Trails relies upon section 12-504h of the General Statutes, entitled "Termination of Classification as Farm, Forest or Open space Land." It provides as follows:
 "Any land which has been classified by the record owner as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e shall remain CT Page 8549 so classified without the filing of any new application subsequent to such classification, notwithstanding the provisions of said sections 12-107c, 12-107d and 12-107e, until either of the following shall occur: (1) The use of such land is changed to a use other than that described in the application for the existing classification by said record owner, or (2) such land is sold by said record owner."
The defendants concede that the use of the land has not changed since its classification as forest land, and it remains undeveloped. It is also clear that the land was not sold by Timber Trails Corporation, the record owner, to the plaintiff. While the deed does not recite that the transfer was pursuant to liquidation of the corporation, that is neither required nor customary, and the deeds and conveyance tax statements indicate that the transfers were for no consideration, indicating that they were not sales. The distribution of assets from a dissolved corporation is not an event which triggers termination of a forest land classification under section12-504h.
The defendants attempt to avoid the clear implication of the statute by arguing that sections 12-504a, 12-504b and12-504c allow termination of the classification on other grounds. Their arguments are unpersuasive. Section 12-504a(b) provides that land which has been classified by the record owner as forest land under section 12-107d is subject to a conveyance tax if sold by the owner within a period of ten years from the time the owner acquired title to the land or first caused it to be classified as forest land, whichever occurred first. The amount of the conveyance tax decreases over a period of ten years from a maximum of 10 percent of the sales price for a sale within the first year of ownership to one percent in the tenth year, and it specifically provides that "no conveyance tax shall be imposed by the provisions of sections 12-504a to 12-504f, inclusive, following the tenth year of ownership by such record owner." The defendants concede, as they must, that the conveyance tax statutes do not cover the situation where land is conveyed after the ten year recapture period in section 12-504a(b) expires, and that Timber Trails Corporation had the forest land classification for more than ten years before it dissolved and distributed the land to the plaintiff.
Section 12-504c enumerates various types of transfers of title that are considered exceptions to the conveyance tax in section 12-504a. The defendants argue that since distribution of real property upon dissolution of a corporation is not an CT Page 8550 excepted transfer in section 12-504c, that it allows an assessor to terminate the forest land classification. The excepted transfers include some transfers analogous to dissolution of a corporation such as deeds of partition and deeds made pursuant to a merger of a corporation. See subsections (h) and (i). It is unnecessary to determine whether these or any other exemptions from conveyance tax in section 12-504c apply to the distribution of assets to the plaintiff here. The town clerks of both towns did not collect or attempt to collect a conveyance tax on the transfers. More important, since no conveyance tax was due under section12-504a, it is immaterial whether the transfers could have been claimed as exempt under section 12-504c.
Section 12-504b provides in part as follows:
 "No deed or other instrument of conveyance which is subject to tax under sections 12-504a to 12-504f, inclusive, shall be recorded by any town clerk unless the tax imposed by said sections has been paid. Upon the recording of such deed and the payment of the required conveyance tax such land shall be automatically declassified and the assessor shall forthwith record with the town clerk a certificate setting forth that such land has been declassified. Thereafter, such land shall be assessed at its fair market value as determined by the assessor under the provisions of section 12-63 for all other property, until such time as a record owner may reclassify such land."
The defendants' reliance on this statute is misplaced. It only applies to deeds which are subject to the conveyance tax, and declassification only takes place upon the recording of a deed subject to tax and the payment of the conveyance tax. Neither situation existed here. The land was not automatically declassified upon the transfer of title, and section 12-504b
does not apply to any transfers, even sales, which occur after the ten year recapture period for the conveyance tax.
While the court is not bound by opinions of the Attorney General's office, they are often deferred to as an interpretation of the law. An opinion dated August 15, 1989 of the Attorney General to the Department of Revenue Services states that a conveyance of corporate realty to a shareholder upon liquidation or dissolution of a corporation is not subject to the conveyance tax, and states that the exchange of consideration is the test for determining which transactions are subject to Connecticut's real estate conveyance tax. While this supports the plaintiff's exemption argument, for reasons CT Page 8551 previously stated whether the transfer is exempt from conveyance tax is distinct from whether the transfer justified termination of the forest land classification.
The defendants also rely upon section 12-504f, and particularly the last sentence in it which provides that "[a]ny such classification of land shall be deemed personal to the particular owner who requests such classification and shall not run with the land." This follows a requirement that the tax assessor must file annually with the town clerk a certificate for any land classified as forest land under section 12-107d
containing the date of the initial classification and the obligation to pay the conveyance tax which must be recorded in the land records of the town. The purpose of this statute is to give notice to the town clerk and persons searching the land records for land classified as forest land (farm land or open space land) so that a determination can be made whether a conveyance tax is due upon transfer of the property. The sentence relied upon by the defendants indicates that the classification belongs to the owner who claims it and does not run with the land regardless of ownership, and means that land cannot be classified as forest land without the owner's consent. Section 12-107d(c) states that an owner of land designated as forest land by the state forester can apply for classification of the property as forest land on any assessment list by filing a request with the municipal assessor, and if the state forester has not cancelled the forest land designation of the property, the assessor must classify it as forest land. The state continued the designation of the parcels in both towns as forest land and substituted the plaintiff for Timber Trails Corporation. Section 12-504f does not say that any transfer of the property automatically revokes the forest land classification. That subject is expressly covered in section 12-504h which provides that after the land is classified by the record owner as forest land, it remains classified without the filing of any new application under section 12-107d either to the state forester or the assessor. See New Haven Water Co. v. Board of Tax Review 178 Conn. 100,113-115. This statute expressly states that declassification does not occur unless there is either a change in use of the land or it is sold by the record owner. The assessors were required by section 12-107d(c) to continue the forest land classification since it was not discontinued by the state forester. Section 12-504h also required the classification to be continued without the filing of a new application for the forest land assessment under section 12-107d.[2] The plaintiffs' failure to file new applications with the assessors does not prevent their right to continuation of the forest land assessment in both towns.
CT Page 8552 The purpose of the forest land classification is to preserve such property from development, and the ten year conveyance tax recapture provisions are an incentive to accomplish that result. Section 12-504h is also designed with the purpose of allowing termination of the forest land classification when the property is developed or not used for forest land. A sale of the land also terminates the right to a forest land classification. The legislature, by using the language it did in the statute, elected to make a distinction between sales and transfers without consideration. Whether and when a conveyance tax should be collected and whether the property should have a forest land classification are related but distinct matters. Section 12-504h cannot be extended by implication. The unequivocal meaning of statutes is not subject to modification by way of construction. Meriden v. Board of Tax Review, 161 Conn. 396, 402. The statute is complete in itself and appears to cover the entire subject matter intended. Id. Courts cannot by construction read into legislation provisions not clearly stated. Commissioner, Department of Public Safety v. Freedom of Information Commission, 204 Conn. 609, 620. Where two or more statutes cover the same subject matter they should be reconciled if possible and effect given to both, Dugas v. Lumbermens Mutual Casualty Co., 217 Conn. 631, 641, and if a conflict exists, a later statute repeals an earlier one. Bouley v. Norwich,222 Conn. 744, 758-59. Sections 12-504f and 12-504h were subsequent to section 12-107d and expressly refer to it. Section 12-504h is a specific statute on the grounds for declassification, and was part of Public Act 74-343 which also amended section 12-504f. The recording of a deed which does not amount to a sale does not have the effect of terminating the forest land classification. Section 12-504h is the controlling statute. Whether a transfer is exempt from a conveyance tax under section 12-504c is not material to whether the classification continues, but only whether a conveyance tax must be paid.
The assessors of both towns incorrectly declassified the plaintiff's property. The assessment of the 281 acres in New Fairfield on the list of October 1, 1990 is $606,140.00 and the tax for that assessment year was $24,609.28. The plaintiff paid the first installment of $12,304.64. The assessment as forest land on the same property would be $19,495.00 resulting in a tax of $791.50. The plaintiff has overpaid its taxes by $11,513.14.
The 673.2 acres in Sherman is assessed on the list of October 1, 1990 at $1,975,700.00 resulting in a tax of $23,710.00 which has not been paid. If it had been assessed as forest land, the assessment would have been $67,320.00 CT Page 8553 resulting in a tax of $807.84. The plaintiff owes the Town of Sherman that amount, plus penalties and interest.
Judgment shall enter sustaining both appeals.
Robert A. Fuller, Judge