[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike is the proper vehicle to test the legal sufficiency of a complaint. Practice Book § 152(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corp., 203 Conn. 34, 36,522 A.2d 1235 (1987). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980).
The defendant argues in support of the motion to strike that § 3122 of the Waterbury Charter precludes a cause of action against the city for injuries caused solely by snow or ice in the absence of an underlying structural defect in the sidewalk or roadway which has been rendered more dangerous by the ice and snow. Therefore, the defendant argues the plaintiff's failure to allege any structural defect existing in the roadway renders the plaintiff's complaint legally insufficient. The plaintiff counters that Div. 2, § 3122 of the Waterbury City Charter applies only to defective sidewalks, not roadways.
Div. 2, § 3122 of the Waterbury City Charter provides in pertinent part as follows:
 The City shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of the CT Page 5125 City, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice and snow thereon.
This provision has been held to preclude an action against the city for an injury caused solely by an accumulation of snow and ice on a sidewalk. Wladyka v. Waterbury, 98 Conn. 305, 309,119 A. 149 (1922).
Although the language "road or bridge" included in General Statutes § 13a-149 encompasses sidewalks; Homyak v. Town ofFairfield, 135 Conn. 619, 621, 617 A.2d 562 (1949), it does not logically follow that the term "sidewalk" in Waterbury City Charter § 3122 encompasses a roadway. "It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Citation omitted.) Meriden v. Board of Tax Review, 161 Conn. 396,401-02, 288 A.2d 435 (1971). Waterbury City Charter, Div. 2, § 3122, because it refers only to the more specific term "sidewalk," as opposed to the general term "roadway" which encompasses sidewalks, does not cover injuries occurring on roadways. Therefore, the defendant's motion to strike, based on Waterbury City Charter § 1322, is denied.
/s/ Sylvester, J. ___________________ SYLVESTER