## JOHN W. DAWSON, EXECUTOR (ESTATE OF MARY DAWSON) *v.* PAUL G. KUEHN ET AL.

Superior Court   Judicial District of   File No. CV01–0806726S
Hartford

Memorandum filed August 2, 2001

*Louis W. Flynn, Jr.*, and *William Bumster*, for the plaintiff.

*Danaher, Tedford, Lagnese & Neal*, for the named defendant.

*Cooney, Scully & Dowling*, for the defendant Andrew L. Salner et al.

*O'Brien, Tanski & Young*, for the defendant Kenneth A. Kern et al.

## I

## INTRODUCTION

HON. RICHARD M. RITTENBAND, JUDGE TRIAL REFEREE. This is a medical malpractice action brought by John W. Dawson, the plaintiff, as executor of the estate of his deceased wife, Mary Dawson (decedent), against several medical services providers, including the defendants Andrew L. Salner, a physician, and Hartford Radiation Oncology Associates, P.C. (defendants). The complaint alleges that the named defendant, Paul G. Kuehn, a surgical oncologist, had excised a mass on the left cheek of the decedent and recommended that she consult with the defendants for possible radiation therapy. Radiation therapy was provided by the defendants, and the decedent had follow-up examinations throughout the late winter and spring of 1998. The complaint further alleges that the defendants committed medical malpractice by failing to recommend additional therapies after radiation therapy was completed in December, 1997. The defendants determined that, notwithstanding the radiation therapy performed by them, the decedent's lesion continued to grow rapidly. The defendants recommended to Kenneth A. Kern, a surgical oncologist, that he consider a radical resection and grafting of the decedent's cheek. (Kern had taken over the practice of Kuehn, who had since retired, including the care and treatment of the decedent.) Kern first had the decedent undergo chemotherapy, which proved to be unsuccessful, so, on November 9, 1998, the decedent submitted to a massive surgical resection procedure. This operation was also unsuccessful, the cancer having metastasized to other areas of the body of the decedent, who subsequently died on April 9, 1999. The motion for summary judgment before the court asserts that, because the present action was not commenced until March 30, 2001, the plaintiff's cause of action is barred by the statute of limitations, specifically the two year

limitation of General Statutes § 52-584.[1] The defendants concede that "based upon the factual allegations of the complaint, suit was properly brought within three years of the act or omission complained of." The defendants also claim, however, that the present case is in violation of the two year limitation provided under § 52-584. The defendants claim that, in accordance with § 52-584, the plaintiff had to bring suit "within two years from the date when the injury is first sustained or discovered or *in the exercise of reasonable care should have been discovered* . . . ." (Emphasis added.) Further, the defendants claim that, at the latest, the plaintiff's decedent must have known that she suffered actionable harm by November 9, 1998, and that suit was brought more than two years after that date.

Extensive multiple briefs were submitted by both sides and oral argument was held on July 25, 2001.

## II

## STANDARD OF REVIEW

"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." *Burns* v. *Hartford*

---

[1] General Statutes § 52-584 provides: "Limitation of action for injury to person or property. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpracice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

*Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983).

A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 488, 280 A.2d 359 (1971). The test that has been stated is: "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Cummings & Lockwood* v. *Gray,* 26 Conn. App. 293, 296–97, 600 A.2d 1040 (1991).

## III

## ISSUES

### A

The plaintiff has responded to the defendants' claim that the applicable statute of limitations is § 52-584 by claiming that the applicable statute of limitations is found under General Statutes § 52-555.[2] For this court

---

[2] General Statutes § 52-555 provides in pertinent part: "Actions for injuries resulting in death. (a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."

to decide which statute is applicable here, the principles of statutory construction must be taken into account. Section 52-584 was last amended in 1969 by changing the deadline for bringing an action from one year to two years from the date that the injury is first sustained or discovered or should have been discovered. Public Acts 1969, No. 410, § 2. By Public Acts 1991, No. 91-238, § 1 (P.A. 91-238), § 52-555 was amended in 1991 to change the time limitation for an action for wrongful death from two years from the date the injury is first sustained or discovered or, in the exercise of reasonable care, should have been discovered (as it was and is in § 52-584) to within two years from the date of death. Public Act 91-238, § 1, also changed the period of repose from three years to five years.

A well settled rule of statutory construction is that a statute that is specific takes precedence over a statute that is not specific. See, e.g., *State* v. *State Employees' Review Board*, 239 Conn. 638, 653, 687 A.2d 134 (1997); *Concerned Citizens of Sterling, Inc.* v. *Connecticut Siting Council*, 215 Conn. 474, 482, 576 A.2d 510 (1990); *Meriden* v. *Board of Tax Review*, 161 Conn. 396, 401–402, 288 A.2d 435 (1971). Here, however, both statutes are specific. Section 52-584 specifically mentions malpractice of a physician, but does not mention wrongful death. Section 52-555 specifically mentions wrongful death actions, but does not specifically include malpractice of a physician.

Another rule of statutory construction is that the legislature, in enacting or amending a statute, is presumed to know of relevant legislation already enacted. See, e.g., *Dodd* v. *Middlesex Assurance Co.*, 242 Conn. 375, 386, 698 A.2d 859 (1997); *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 554, 546 A.2d 226 (1988); *Zachs* v. *Groppo*, 207 Conn. 683, 696, 542 A.2d 1145 (1988). Clearly, in 1991, the legislature was aware

of § 52-584, yet still enacted by amendment the afore-mentioned provisions of § 52-555. Section 52-555 did not carve out an exception for medical malpractice, and, as the Supreme Court stated in *Ladd* v. *Douglas Trucking Co.*, 203 Conn. 187, 195, 523 A.2d 1301 (1987): "Since its enactment our wrongful death statute has been regarded as the exclusive means by which damages resulting from death are recoverable." Admittedly, this was before the enactment of P.A. 91-238, but it still sets forth the Supreme Court's opinion that a wrongful death, like the present case, is governed exclusively by § 52-555. Further, in *Ecker* v. *West Hartford*, 205 Conn. 219, 245, 530 A.2d 1056 (1987), the court stated that: "The language of § 52-555 does not specifically restrict its application to deaths resulting merely from the negligence of another." The principle that a specific statute as to death prevails over a statute which does not mention death as a consequence is supported by the ruling of Judge L. Paul Sullivan in *Slater* v. *Mount Sinai Hospital*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV940542007S (June 11, 1997), who stated: "It appears clear that if a specific statute of limitations specifically refers to 'death' as a consequence of the underlying wrong that limitation rather than the limitation of General [Statutes] § 52-584 would apply."[3] In *Lynn* v. *Haybuster Mfg., Inc.*, 226 Conn. 282, 295, 627 A.2d 1288 (1993), the court stated: "The wrongful death statute; General Statutes § 52-555; is the sole basis upon which an action that includes as an element of damages a person's death or its consequences can be brought. At common law, the death of

---

[3] This court believes that a statute providing for a limitation of two years from the date of death is more logical than a limitation of two years from the date the actionable harm is discovered or should have been discovered. This is because often the cause of death is not known until after the death, and there are such things as the opening of an estate, the appointment of an executor, executrix, administrator or administratrix, which are necessary before the estate can investigate and take action.

the injured person, whether contemporaneous with the wrongful act or not, terminated liability of the wrong-doer because the right to enforce it ended with the death. . . . Death and its direct consequences can constitute recoverable elements of damages only if, and to the extent that, they are made so by statute." (Citation omitted.) That statute is § 52-555.

Accordingly, this court concludes that the applicable statute of limitations in the present case is § 52-555. The plaintiff has met the provisions of the statute. Two years from the date of the death of the plaintiff's decedent is April 9, 2001 (the action was commenced March 30, 2001), and five years from the date the plaintiff's decedent or the plaintiff discovered or should have discovered an actionable harm, assuming a November 9, 1998 date, would be November 9, 2003. This court finds, therefore, that the applicable statute of limitations, § 52-555, has not been violated, and for that reason alone, the motion for summary judgment should be denied.

Since the defendants have claimed the applicability of § 52-584, the court, notwithstanding its aforementioned ruling that § 52-555 applies, will, nonetheless, address the issues raised by the defendants and set forth in subparts B and C of part III of this opinion. Hereafter, the court assumes, arguendo, that, as the defendants claim, the applicable statute is § 52-584.

B

The defendants also claim that Practice Book (2001 Rev.) § 17-45, formerly § 380, requires that the adverse party, in the present case, the plaintiff, "shall . . . file opposing affidavits and other available documentary evidence" and the plaintiff has failed to file any affidavits or other documents. The Supreme Court, however, ruled on this issue in *Catz* v. *Rubenstein*, 201 Conn. 39, 49, 513 A.2d 98 (1986), in which the defendant had

claimed that the trial court was entitled to rely upon the facts set forth in his affidavit and other documents submitted in support of his motion and render judgment because the plaintiff did not file a counteraffidavit. In *Catz*, the court stated: "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences than can be drawn. . . . Relying on and crediting the facts set forth in the material submitted in support of the defendant's motion, we nevertheless conclude that there remains a genuine issue as to when [the plaintiff's decedent] discovered or in the exercise of reasonable care should have discovered the causal nexus, if any, between the metastasis of her cancer and the allegedly negligent conduct of the defendant." (Citations omitted; internal quotation marks omitted.) Id. Accordingly, this claim of the defendants is rejected.

C

The defendants also claim that whether the statute of limitations in the present case has been violated is an issue of law, not an issue of fact. In *Catz*, however, the court also stated: "A genuine issue of material fact exists, therefore, as to when she discovered or in the exercise of reasonable care should have discovered her 'injury,' that is when she discovered she had suffered 'actionable harm,' and the resolution of that question should be left to the trier of fact." Id. It is true, as the defendants claim, that in *Merly* v. *State*, 211 Conn. 199, 208, 558 A.2d 977 (1989), the court held that, as a matter of law, the plaintiff failed to exercise reasonable care to discover the accrual of the wrongful death claim. *Merly*, however, was a case in which the plaintiff's decedent had committed suicide on July 30, 1979, and his family became aware of the suicide by April 26, 1981, which was within the two year statute of limitations. The plaintiff in *Merly* claimed that the statute did

not begin to run until he discovered all the information necessary or until he obtained a qualified expert opinion as to the existence of malpractice. "In the present case, we conclude that the undisputed fact that the family, until one and one-half years after learning of the decedent's suicide, did not start any investigation into the circumstances under which it had occurred constituted as a matter of law a failure to exercise reasonable care to discover the accrual of the wrongful death claim. The plaintiff has advanced no circumstances to justify such an inordinate delay." Id. The facts of *Merly* are distinguishable from the facts in the present case. This court finds that, at the very least, the question of when the plaintiff's decedent should have known of the actionable harm against the defendants is an issue of fact, which means that summary judgment is not appropriate.

### D

Assuming, arguendo, that the aforementioned issue is an issue of law, the court finds that the defendants have not met their burden of proving that the decedent knew or should have known of the actionable harm that she allegedly suffered. The affidavit of Salner and the medical records submitted with the motion for summary judgment only indicate the physicians' opinions or analysis of the condition of the decedent. They do not indicate in any way whether these opinions were conveyed to the decedent. The defendants claim that: "Clearly, [the decedent] knew or in the exercise of reasonable care should have known that she had suffered some form of actionable harm due to the alleged negligence of Dr. Salner at the latest by November 9, 1998 when she underwent the massive surgical resection procedure." It may be clear to the defendants, but it is far from clear to this court.

What is perhaps ironic is that the defendants claim that they committed neither negligence nor malpractice. If that is true, how in the world could the decedent have been aware that she suffered actionable harm? If there is no negligence, there is no actionable harm. If it did not take place, then how would the decedent have been able to learn of negligence that never existed? Maybe this argument can be made in most medical malpractice cases in which the statute of limitations is at issue,[4] but suffice it to say that the defendants here have offered no credible evidence to show that the decedent knew or should have known that the defendants committed negligence and, therefore, actionable harm. There is little doubt that the decedent, by November 9, 1998, was aware of the seriousness of her condition. She was, however, probably also aware of the common knowledge that cancer is an insidious disease that can take lives despite the best efforts of physicians, and, therefore, had no knowledge or even an indication that the defendants had committed malpractice.

## IV

## CONCLUSION

For all of the foregoing reasons, the defendants' motion for summary judgment dated June 6, 2001, is denied.

The court would like to thank counsel for their comprehensive briefs and articulate arguments.

---

[4] This is in sharp contrast to the situation in *Burns* v. *Hartford Hospital*, 192 Conn. 451, 454, 472 A.2d 257 (1984), where the physician told the plaintiff that his infection was caused by contaminated intravenous tubes used at the hospital.