LOCAL 1183 OF COUNCIL NO. 4, AFSCME, AFL-CIO *v.*
STATE BOARD OF LABOR RELATIONS ET AL.
(12080)

DUPONT, C. J., HEIMAN and SCHALLER, Js.

Argued November 5, 1993—decision released February 8, 1994

*J. William Gagne, Jr.,* with whom on the brief, was *Barbara J. Collins,* for the appellant (plaintiff).

*Joseph M. Celentano,* general counsel, with whom, on the brief, was *E. Stephen Briggs,* for the appellee (named defendant).

*Dennis G. Ciccarillo,* for the appellee (defendant town of Wallingford).

SCHALLER, J. This action concerns the distribution of overtime hours pursuant to a contract between the plaintiff, Local 1183 of Council No. 4, AFSCME, AFL-CIO, and the defendant town of Wallingford. The union appeals from the judgment of the trial court affirming the decision of the named defendant, the State Board of Labor Relations (labor board), which determined that the town had fully complied with an arbitration award issued by the State Board of Mediation and Arbitration (arbitration board). The issue presented on appeal is whether the trial court improperly affirmed the decision of the labor board.

The following facts are relevant to this appeal. The union and the town entered into a labor contract in 1985. Article 5, § 14, of that contract stated: "All overtime work shall be distributed as equally as possible among employees within classifications[1] during each calendar year provided they are qualified." In 1986 or 1987, the union filed a grievance with the arbitration board pursuant to General Statutes § 7-472,[2] part of the Municipal Employees Relations Act, claiming that the town had violated the contract with regard to the distribution of overtime.

The arbitration board rendered the following decision on September 11, 1989: "The Town did violate the

---

[1] The plaintiff union represents at least three classifications of municipal employees, including "Working Crew Leader," "Maintainer II," and "Maintainer III."

[2] General Statutes § 7-472 provides in pertinent part: "(a) The services of the state board of mediation and arbitration shall be available to municipal employers and employee organizations for purposes of mediation of grievances or impasses in contract or contract reopener negotiations and for purposes of arbitration of disputes over the interpretation or application of the terms of a written agreement . . . ."

Contract with regard to the distribution of overtime. The Town shall pay those grievants who would have been entitled excluding those out on Workers' Compensation during the entire period at issue, but including any portion that an injured employee was returned to work at full capacity, the overtime to which they were entitled under the equalizing clause of the Contract."

In November, 1989, the town notified each grievant of the amount of overtime pay due, as well as the method of calculating that pay. The town determined the total number of overtime hours worked by employees in a particular classification, and then divided that amount by the number of employees within that classification. The resulting quotient was the average overtime hours for each employee within that classification. If an employee worked more overtime hours than the average, he was allowed to keep all his pay, as he had actually worked those extra hours. If an employee worked fewer overtime hours than the average, the difference between the average and the hours that he actually worked was calculated, and the employee was compensated for the difference.

On December 7, 1989, the union filed a complaint with the labor board pursuant to General Statutes (Rev. to 1989) § 7-471 (4),[3] alleging that the town had committed a prohibited practice as set forth in General Stat-

---

[3] General Statutes (Rev. to 1989) § 7-471 (4) provides in pertinent part: "Whenever a question arises as to whether a practice prohibited by sections 7-467 to 7-477, inclusive, has been committed by a municipal employer or employee organization, the [labor] board shall consider that question . . . . (D) For the purposes of hearings and enforcement of orders under sections 7-467 to 7-477, inclusive, the board shall have the same power and authority as it has in sections 31-107, 31-108 and 31-109, and the municipal employer and the employee organization shall have the right of appeal as provided therein. . . ."

utes § 7-470 (a) (6),[4] by failing to comply with the award made by the arbitration board. Before the labor board addressed that complaint, the union also filed a complaint with the arbitration board on February 1, 1990, claiming that the town had not complied with the original award and that the parties differed as to the meaning of the award with regard to the method by which the town was to calculate the overtime pay, and requesting that the arbitration board clarify its award pursuant to § 31-91-50 of the Regulations of Connecticut State Agencies.[5] The town opposed any "clarification" on the bases that it had complied with the award, and that the award was clear and unambiguous. On May 16, 1990, the arbitration board, however, issued a clarification of its award, stating in pertinent part: "Each person in each classification should be awarded the same amount of overtime at the end of the year as the top person in his classification. Overtime situations occur throughout the year. The Town should equalize it by offering it on a rotating basis to all employees within a given classification. If the employee refuses because he does not wish to take advantage of the overtime opportunity or he is unable to perform the overtime work then he will be charged with the hours."

On February 5, 1991, the labor board finally heard the union's complaint that had been filed in December, 1989. The labor board dismissed that complaint on

---

[4] General Statutes § 7-470 provides in pertinent part: "(a) Municipal employers or their representatives or agents are prohibited from . . . (6) refusing to comply with a grievance settlement, or arbitration settlement, or a valid award or decision of an arbitration panel or arbitrator rendered in accordance with the provisions of section 7-472."

[5] Section 31-91-50 of the Regulations of Connecticut State Agencies provides: "Any request by either party for a clarification of an award shall be forwarded to the secretary of the board for transmittal to the panel and notice of such a request will be given to the non-requesting party. The response to such a request will be made by the panel."

March 31, 1992, on grounds that the original award by the arbitration board was clear, the arbitration board lacked the jurisdiction to "reopen a hearing and reconsider the merits of the original award," the clarification was, therefore, a nullity, and the town had complied with the original award. The union then filed an administrative appeal to the Superior Court pursuant to General Statutes § 4-183.[6] The trial court affirmed the decision of the labor board dismissing the union's complaint, determining that the arbitration board's original award was clear and unambiguous, and that the town had complied with that award. The court also acknowledged that although the arbitration board had the power in general to issue clarifications of its awards, the arbitration board did not have the power to change the substance of its award. The court determined that the arbitration board's " 'clarification' . . . cannot have the effect of changing the plain meaning of the Contract and the original award." The union now appeals to this court.

The union contends that the labor board lacked the authority to nullify the "clarified" award of the arbitration board. The union asserts that the labor board, pursuant to § 7-470, could determine only whether the town had complied with the award as "clarified." Then, when the union appealed the case to the Superior Court, the court should have exercised its review with regard to the labor board's determination of whether the town had complied with the "clarified" award.

We note at the outset that the arbitrator apparently misunderstood the nature of the union's request for a clarification. The union asked that the arbitration board

___

[6] General Statutes § 4-183 provides in pertinent part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court . . . ."

issue a "clarification of *this* award,"[7] (emphasis added) implying that the intention of the union was to have the arbitration board explain the existing award. Rather than explain the original award, however, the arbitrator filed a clarification that contained totally prospective language. The clarification contains language indicating that the town "should" rather than "shall" do certain things, suggesting that the "clarification" was not an explanation of how to calculate lost overtime, but, instead, a primer as to how to deal with the distribution of overtime in the future.

We now examine the actions of the labor board in dismissing the union's complaint. Under General Statutes § 7-740 (a) (6), the labor board was asked to determine whether the town had complied with the award of the arbitrator. To assess compliance, the labor board had to interpret the arbitrator's award. In examining the arbitrator's award, the labor board determined that the original award, without any clarification, governed its assessment. The labor board decided that the original award of the arbitration board was clear and unambiguous, the town had complied with the original award, and the arbitration board had no power to "clarify" the unambiguous award.

"The standard of judicial review of administrative agency rulings is well established. *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 261, 579 A.2d

---

[7] The labor board sent a letter to the administrator of the arbitration board on January 29, 1990, requesting that the board clarify its award. The letter stated in pertinent part:

"The Union has filed a complaint with the Connecticut State Board of Labor Relations . . . . At the informal hearing conducted on January 10, 1990 it was discussed between the parties the method that should be used in calculating the way the overtime hours should be paid.

"The Union and the Town are still in disagreement on this subject. Therefore, the Union is requesting that your Board give us a clarification of this award as provided under Section 31-91- 50 of the Rules and Procedures of the State Board of Mediation and Arbitration."

505 (1990); *Board of Education* v. *State Employees Retirement Commission,* 210 Conn. 531, 540, 556 A.2d 572 (1989)." *Tomlinson* v. *Board of Education,* 226 Conn. 704, 712, 629 A.2d 333 (1993). General Statutes § 4-183 (j) "permits modification or reversal of an agency's decision if substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) [i]n violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . . [T]he [reviewing] court may not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. . . . Rather, an agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . On the other hand, it is the function of the courts to expound and apply governing principles of law. . . . *Lieberman* v. *State Board of Labor Relations,* supra, 262–63." (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education,* supra, 712–13.

The union alleged that the labor board improperly ruled that the town had not committed a prohibited labor practice. A key component of this inquiry is whether the labor board properly determined that the original award governed the dispute. It is unclear whether the labor board's determination that the original award was unambiguous, thus rendering the "clarified" award a nullity, involves a question of fact or law, as there is no direct authority to guide us in this

determination.[8] We need not decide this issue here, because, under either circumstance, the trial court properly affirmed the decision of the labor board.

A review of the record reveals ample support for the labor board's determination that the original award was unambiguous. The original award refers to the equalization clause, which clearly requires that authorized overtime work be divided as evenly as possible between employees in a particular classification. The town had failed to comply with that clause when dividing the available overtime. The original award states that the grievants had the right to receive payment for the overtime to which they were *entitled* under the equalization clause. The original award plainly means that the grievants were entitled to receive payment for overtime work that they would have been offered and would have been available to accept had the town divided the authorized hours of overtime as evenly as possible in compliance with the equalization clause.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted; internal quotation marks omitted.) *Ballato* v. *Board of Education,* 33 Conn. App. 78, 89–90, 633 A.2d 323 (1993). If we assume that this issue is a question of fact, the trial court could not properly have concluded that the labor board's determination that the original award was unambiguous was clearly erroneous.

"[J]udicial review of administrative conclusions of law is limited to a determination of whether, in light of the

---

[8] A review of appellate case law indicates that the courts have either "found" ambiguities or "concluded" that ambiguities exist on many occasions without meaningful distinction.

evidence, those conclusions are unreasonable, arbitrary, illegal or an abuse of discretion. *Fleischman* v. *Board of Examiners in Podiatry*, 22 Conn. App. 181, 184, 576 A.2d 1302 (1990)." *Foti* v. *Richardson*, 30 Conn. App. 463, 466, 620 A.2d 840 (1993). If we assume that this issue is a question of law, the trial court could not properly have concluded on the basis of the record that the labor board's conclusions were unreasonable, arbitrary, illegal, or an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.