[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of the Case
CT Page 136
On October 13, 1993, following a fair hearing held pursuant to section 1-21j(d) of the General Statutes and sections 1-21j-27 et. seq. of the Regulations of Connecticut State Agencies, the Freedom of Information Commission issued its final decision on the matter titled Maria T. Hileman andThe Day v. State of Connecticut. Connecticut State Library, DN FIC 93-23. In its final decision, the Freedom of Information Commission ordered redacted access to the transcripts at issue. Two appeals followed that presented identical issues of fact and law. The court (Teller, J.) consolidated both appeals, Connecticut StateLibrary v. Freedom of Information Commission, et. al., DN CV93-0104469S and Richard Abele, et. al. v. Freedom of InformationCommission, et. al., DN CV93-0104397S. Currently before the court is the consolidated administrative appeal from the decision of the Freedom of Information Commission ordering access to documents maintained under seal by the Connecticut State Library.
The plaintiffs are the Connecticut State Library (CSL) and the City of Norwich (Norwich), the City of Norwich Police Department (NPD), Richard Abele, and James McGeowan (collectively as plaintiffs). The defendants are the Freedom of Information Commission (FOIC), Maria Hileman, a reporter with the New London Day, and The Day.
Procedural History
The FOIC issued its final decision pursuant to General Statutes § 1-21j on October 13, 1993 and mailed notice to all parties on October 21, 1993. The plaintiffs appeal pursuant to General Statutes § 4-183. On November 5, 1993, within 45 days after mailing of the final decision, the plaintiffs served a copy of the appeal on the FOIC and on each party listed in the final decision as provided in General Statutes § 4-183(c) and filed the sheriff's return in accordance with General Statutes § 4-183(d).
All plaintiffs subsequently moved for a stay of the FOIC's order, which the court (Teller, J.) granted, in accordance with General Statutes § 4-183(f).
Facts
This case arises from the denial of Hileman's FOI request for public records stored in the Connecticut State Library. CT Page 137 In October and November 1964, a special committee of the Norwich City Council investigated the administration of the Norwich Police Department and the conduct of its officers. On April 5, 1973, the City of Norwich and the Connecticut State Library entered into an agreement for CSL to store the transcripts, under seal, and preserve the confidentiality of the records for fifty years. This agreement was in accordance with General Statutes (Rev. to 1973) §§ 4-34 and 1-20.
The uncontroverted testimony of Abele and McGeowan indicates their reliance on promises from the Norwich City Council to keep the 1964 testimony confidential. The FOIC made no finding of fact with regards to any agreement or contract between Abele or McGeowan and the Norwich City Council and the effect any such agreement or contract would have on the agreement between the CSL and Norwich. The testimony before the FOIC indicates that the 1964 Norwich City Council proceeding in question operated contrary to constitutionally mandated procedural and substantive due process safeguards; while the Norwich City Council had authority to conduct the investigation, it was done in an illegal manner. The FOIC made no finding of fact as to the legality or propriety of the Special Committee's conduct of the investigation. In its final decision, the FOIC found the following pertinent facts and conclusions of law.
 11. It is found that the city clerk and the public records administrator entered a written agreement on April 5, 1973 that essentially provided that the respondent [CSL] would retain the subject transcripts and that it would also withhold them from public disclosure for a period of fifty years.
* * *
 13. Section 1-19(a), G.S., provides in pertinent part: Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or CT Page 138 business hours . . . . [emphasis in original]
 14. It is concluded that the agreement identified in paragraph 11, above, does not fall within the "except as otherwise provided" language of § 1-19(a), G.S.
* * *
 20. It is accordingly concluded that the respondent [CSL] has failed to establish that: a) the contract clause applies under the facts of this case,. . . .
 Jurisdiction
The defendants argue that the plaintiffs failed to allege and prove the infringement of any legally protected interest in the subject matter of the FOIC's decision and that the plaintiffs, therefore, failed to demonstrate aggrievement. The plaintiffs argue that the FOIC's decision "wholly eviscerates the agreement . . . and nullifies the express promises of confidentiality made at the time of the interrogations, threatening the personal privacy and reputations of . . . Abele and McGeowan, as well as the constitutional and contractual rights of CSL and the City of Norwich." CSL Application For Stay filed January 26, 1994, page 3.
 "It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction. . . . Section 4-183(a) provides in pertinent part: A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.
 Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and CT Page 139 the plaintiff has the burden of proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. . . .
 The test for determining aggrievement is a two part inquiry: [F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Citations omitted; internal quotation marks omitted)
New England Rehabilitation Hospital, Inc. v. CHHC,226 Conn. 101 105, 627 A.2d 1257 (1993).
The court finds that the plaintiffs have demonstrated aggrievement. The plaintiffs have shown a specific personal and legal interest in the subject matter of the decision which is specially and injuriously affected; a personal contractual obligation between the plaintiffs and the defendants which is totally abrogated. Accordingly, this court has jurisdiction over both the subject matter and the parties.
Standard of Judicial Review
General Statutes § 4-183 provides is pertinent part:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been CT Page 140 prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
 (k) If a particular agency action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the agency decision, orders the particular agency action, or orders the agency to take such action as may be necessary to effect the particular action.
"[T]he [reviewing] court may not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. . . . Rather, an agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . ." (Citations omitted; internal quotation marks omitted.) Local 1183 of Council No.4 v. State Board of Labor Relations, 33 Conn. App. 541,546-47, 636 A.2d 1366 (1994). "On the other hand, it is the function of the courts to expound and apply governing principles of law." LoPresto v. State Employees RetirementComm., 34 Conn. App. 510, 515, 642 A.2d 728 (1994). As in any administrative appeal, the plaintiffs bear the burden of proving that the FOIC's decision prejudiced substantial rights. See Schallenkamp v. DelPonte, 229 Conn. 31, 39,639 A.2d 1018 (1994).
Discussion
CT Page 141
The plaintiffs claim an unconstitutional impairment of an existing legal contract. The defendants argue that the contracts clause is not invoked under these facts. In the alternative, the defendants argue that the FOIC's order providing for limited redaction is not a substantial impairment of the contract.
Article one, section 10, of the United States Constitution provides in pertinent part: "No State shall . . . pass any . . . Law Impairing the Obligation of Contracts. . . ." "Unlike other provisions in article 1, it is well-settled that the prohibition against impairing the obligation of contracts is not to be read literally." KeystoneBituminous Coal Assn. v. DeBenedictis, 480 U.S. 470, 502,107 S.Ct. 1232, 94 L.Ed.2d 472 (1987).
 "In our determination of whether the act violates the contract clause, `the first inquiry must be whether the state law has, in fact, operated as a substantial impairment of a contractual relationship. ' Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978). This is ascertained by weighing certain factors: (1) the severity of the impairment, (2) the extent to which it frustrates a party's reasonable contractual expectations, and (3) the extent to which the subject matter of the impairment has been regulated in the past. Schieffelin Co. v. Dept. of Liquor Control, 194 Conn. 165, 177-78, 479 A.2d 1191 (1984). `Minimal alteration of contractual obligations may end the inquiry at its first stage.' Allied Structural Steel Co. v. Spannaus, supra, [438 U.S. 245] 245. `If, however, the impairment is severe, the legislation will be subjected to an increased level of scrutiny.' Schieffelin Co. v. Dept. of Liquor Control, supra, [194 Conn. 178] 178.
Aetna Life Casualty Co. v. Braccidiferro, 34 Conn. App. 833,846, 643 A.2d 1305 (1994).
The court finds that the FOIC finding that release of the transcripts does not violate the contracts clause is in CT Page 142 violation of constitutional provisions. The appropriate three pronged analysis is enunciated in Energy Reserves Group, Inc.v. Kansas Power and Light Co.; 459 U.S. 400, 411-13 (1983); and United States Trust Co. v. New Jersey; 431 U.S. 1, 17-22.
First, it is clear that the contract between CSL and Norwich, the contract between Abele and Norwich, the contract between McGeowan and Norwich, and the contracts made between others who testified and Norwich are all nullified. This, is a substantial impairment of the contract, the threshold question under the Energy Reserves Group inquiry.
The next stage of the Energy Reserves Group inquiry is to determine whether the legislation has a significant and legitimate public purpose. The court does recognize that the FOI Act "expresses a strong legislative policy in favor of the open conduct of government and free public access to its records." Wilson v. Freedom of Information Commission,181 Conn. 324, 328, 435 A.2d 353 (1980). However, the legislature and the courts recognize that the right to disclosure is not absolute. Id.
The final prong of the Energy Reserves Group inquiry is determining whether the adjustments of the rights and responsibilities of the parties is based upon reasonable conditions. The appropriate balance was struck in 1975 by deciding to retain, not destroy, the documents. With concern for both the historical value of the transcripts and the character and reputation of persons involved, retention under seal was ordered. The court finds that the FOIC's finding, conclusion or decision that the contracts clause is not applicable, is in violation of constitutional provisions as a matter of law and sustaining the appeal is warranted by General Statutes § 4-183(j)(1).
Conclusion
The Freedom of Information Act as applied retroactively to these plaintiffs fails to withstand scrutiny under the Contracts Clause analysis. Accordingly, the court hereby sustains the appeal as provided by General Statutes § 4-183(j) and order that the transcripts continue to remain under seal until the expiration of the fifty years as provided by the agreement between CSL and the City of Norwich, such order being consistent with General Statutes § 4-183(k). CT Page 143