[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Aqua Treatment and Service, Inc. (Aqua) appeals a final decision/declaratory ruling by the Department of Public Utility Control and the Department of Health Services (hereinafter Departments) whereby the Departments declared that Connecticut General Statutes section 16-262m and the Small Water Company Regulations[1] do not require the Town of Ashford (Ashford) to transfer its proposed community water system to Aqua as a condition of the Departments issuing a Certificate of Public Convenience and Necessity (Certificate) for the proposed system. The Departments issued its ruling pursuant to Connecticut General Statutes section4-176.
The plaintiff appeals pursuant to Connecticut General Statutes sections 4-183 and 16-35.
On May 5, 1993, the Departments rendered a joint ruling (Docket No. 92-10-10), holding that the Small Water Company Regulations do not require the Town of Ashford to transfer its proposed water system to Aqua. (Return of Record [ROR], Item IV-(A). On May 25, 1993, the plaintiff filed an appeal with the clerk of the Superior Court, judicial district of Tolland at Rockville.
The defendants filed a return of record on July 29, 1993. On August 25, 1993, the defendants filed a motion to correct record or for leave to present additional evidence pursuant to General Statutes sections 4-183(g) and (h) to determine whether Aqua's plant and equipment was within one linear mile of the elderly housing project being constructed by Ashford. On August 25, 1993, the defendants also filed a motion to dismiss the appeal for lack of subject matter jurisdiction, arguing that the passage of Connecticut Public Act 93-245 rendered the appeal moot. CT Page 13740
On June 2, 1994, the court (Hammer, J.) granted the motion to augment the record and remanded the case pursuant to General Statutes section 4-183(n) to the Departments to issue a declaratory ruling on the determination of facts regarding the actual distance between the water systems.
On August 17, 1994, the Departments reopened the administrative docket (Docket No. 92-10-10) in accordance with the judge's order. The Departments held a public hearing on the matter on August 31, 1994.
On November 9, 1994, the Departments found that the distance between Aqua's water system and the proposed elderly housing system is less than one mile.[2] The Departments issued the ruling on November 22, 1994 and to date, none of the parties have appealed.
On March 3, 1995, the court (Rittenband, J.) denied the defendants' motion to dismiss, holding that Public Act 93-245[3] is not retroactive to the adoption of General Statutes section16-262m, and, therefore, does not render the present appeal moot.Aqua Treatment Service, Inc. v. Department of Public UtilityControl, 44 Conn. Sup. 34 (1995).
On September 29, 1995, the parties appeared before the court and argued the merits of the appeal.
FACTS
The appellant, Aqua, is a Connecticut corporation maintaining its principal place of business in Stafford Springs, Connecticut. (Complaint par. 1, Answer par. 1) Aqua is a regulated "public service water company" as defined in General Statutes sections 16-1(4) and (10). (Complaint par. 1, Answer par. 1).
On June 3, 1991, the Town of Ashford applied to the Department; of Public Utility Control (DPUC) and the Department of Health Service (DOHS) for a Certificate of Public Convenience and Necessity pursuant to General Statutes section 16-262m to construct, own and operate a community water supply system to service the Pompey Hollow Park Elderly Housing and Senior Center in the town of Ashford.[4] (ROR, Item III-1).
By letter dated May 6, 1991, Aqua notified Community Opportunities, Inc., Ashford's representative, that Aqua was CT Page 13741 interested in providing water service for the elderly housing project either by an interconnection with an existing water system in the Town of Ashford or by owning and operating a satellite system at the project. (ROR, Item II-A(2)).
Ashford opposed an interconnection, indicating that it would retain the services of a certified operator to sample and operate the water supply system. (ROR, Item II-A(2)).
By letter dated July 17, 1992, the Departments authorized Ashford to bid the project and commence construction, but indicated that a final Certificate would not be issued until the question of ownership was resolved. (ROR, Item II-A(2)).
By petition received by the DPUC on October 13, 1993, Aqua requested the DPUC to open a docket, conduct an investigation and hold a public hearing concerning the provision of water service to the project.[5] (ROR, Item IA).
The Departments construed Aqua's petition to be a request for a declaratory ruling pursuant to General Statutes section 4-176. (ROR, Item I-B).
On May 5, 1993, the Departments declared that municipalities are not subject to the transfer and financial responsibility requirements set forth in General Statutes section 16-262m. (ROR, Item II-C). Accordingly, the Departments declared that the Small Water Company Regulations do not require Ashford to transfer its proposed system to Aqua. (ROR, Item IV-A).
Aqua has challenged the Departments interpretation of Connecticut General Statutes section 16-262m and the Small Water Company Regulations, arguing that the Departments erroneously concluded that portions of the Small Water Company Regulations are in conflict with provisions concerning the municipal powers in General Statutes, Chapters 99, 102 and 105 and that the conflict can be harmonized by exempting municipalities from the transfer requirement established by the Small Water Company Regulations.
(Complaint, par. 11).
JURISDICTION
"It is well established that the right to appeal an administrative action is created only by statute and a party must CT Page 13742 exercise that right in accordance with the statute in order for the court to have jurisdiction." (Citation omitted) New EnglandRehabilitation Hospital, Inc. v. CHHC, 226 Conn. 105, 120,627 A.2d 1257 (1993).
Aggrievement
Section 4-183(a) of the UAPA provides that "[a] person. . . who is aggrieved by a final decision may appeal to the superior court as provided in this section." Conn. Gen. Stat. sec. 4-183(a).
"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction. . . ." (Citations omitted) New EnglandRehabilitation Hospital, Inc. v. CHHC, supra, 226 Conn. 120-21.
The party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest shared by the community as a whole. Light Rigging Co. v. DPUC, 219 Conn. 168, 173, 592 A.2d 386
(1991). The party also must establish that this personal and legal interest has been specially and injuriously affected by the decision. Id.
In the FINDINGS OF FACT on page 8 of the Decision of the Departments dated May 5, 1993, which decision is the subject of this appeal, it states that "[AQUA] IS A REGULATORY WATER COMPANY WITH AN OPERATING WATER SYSTEM IN ASHFORD." Subsequently, on a remand by the court, the Departments found that the proposed project of elderly housing was within one linear mile of Aqua's system. In view of this, the plaintiff has demonstrated a specific personal and legal interest in the decision as opposed to a general interest shared by the community as a whole because it has a commercial and financial interest in providing the water supply service and an opportunity not available to others to provide the water supply service to the elderly housing project. Furthermore, the plaintiff's legal interest has been specially and injuriously affected by the final order because the order deprives the plaintiff from interconnecting with the existing water system or CT Page 13743 from owning and operating a satellite system at the elderly housing project.
Accordingly, the court finds that the plaintiff has suffered aggrievement by the Departments' decision of May 5, 1993. The court has jurisdiction over both the subject matter and the parties.
STANDARD OF JUDICIAL REVIEW
General Statutes 4-183(j) provides the scope of review as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or arbitrarily or capricious or characterized by abuse or discretion or clearly unwarranted exercise of discretion." Conn. Gen. Stat. sec. 4-183(j).
"[T]he [reviewing] court may not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. . . . Rather, an agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . ." (Citations omitted; internal quotations omitted.) Local 1183 of Council No. 4 v. State Board of LaborRelations, 33 Conn. App. 541, 547, 636 A.2d 1366 (1994). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted.) DeBeradinis v. ZoningCommission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). "[I]t is the function of the courts, [however,] to expound and apply governing principles of law." (Citations omitted; internal quotations omitted.) Lieberman v. State Board of Labor Relations, 216 Conn. 253,262, 579 A.2d 505 (1990).
As in any administrative appeal, the plaintiff, Aqua, bears CT Page 13744 the burden of proving that the Departments' decision prejudiced its substantial rights. See Schallenkamp v. DelPonte, 229 Conn. 31,39, 639 A.2d 1081 (1994).
The plaintiff argues that the Departments erroneously concluded that General Statutes section 16-262m is in conflict with General Statutes sections 7-194, 7-234 and 7-326. The plaintiff further argues that the Departments erroneously attempted to harmonize the statutes by exempting municipalities from the Small Water Company Regulations.
A. Chapter 99, Section 7-194
The Departments concluded that General Statutes Chapter 99, specifically section 7-194, conflicted with General Statutes section 16-262m. (ROR, Item II-B). Chapter 99, entitled "Municipal Charters and Special Acts," implements Article Tenth of the Constitution of Connecticut entitled "Of Home Rule." Section7-194 delegates additional powers to local governments beyond those granted under the constitution and general statutes.
The Town of Ashford has admitted that it lacks a charter adopted pursuant to Chapter 99, and, therefore, is not governed by the Home Rule Act. (Defendant Ashford's August 23, 1993 brief, p. 8; Oral Argument Transcript, September 29, 1995, p. 11 Ln. 13-19).
Accordingly, section 7-194 is not relevant to this action. The Departments, therefore, erroneously concluded that municipalities are exempt from the Small Water Company Regulations because sections 7-194 and 16-262m are in conflict.
B. Sections 7-148, 7-234 and 7-326
Although the Departments' decision failed to address General Statutes section 7-148, the defendants contend that the Town of Ashford carries on its business under the municipal powers contained in this section rather than under General Statutes section 7-194. (Defendant Ashford's brief, p. 8). Section 7-148
(c)(4)(G) provides that a municipality may provide for the furnishing of water, by contract or otherwise. The defendants argue that section 16-262m deprives Ashford of its right to provide for the furnishing of water pursuant to section 7-148(c)(4)(G) as well as sections 7-234 and 7-326.
Section 16-262m(a), which includes municipalities, does not CT Page 13745 totally abrogate sections 7-148(c)(4)(G), 7-234 or 7-326. It merely takes away from these sections the power to own, etc., any system that supplies "water to not less than fifteen service connections or twenty-five persons nor more than two hundred fifty service connections or one thousand persons on a regular basis." Section 16-262m(a) merely puts small water companies of municipality under the provisions of section 16-262m. SeeConnecticut Theatrical Corporation v. New Britain, 147 Conn. 546,551-53, 163 A.2d 548 (1960) (allowing different fields within a statutory scheme).
Courts "must presume that the legislature. . . acted in view of existing relevant statutes and with the intention of creating one consistent body of law. . . ." Budkofsky v. CommissionerMotor Vehicles, 177 Conn. 588, 592, 419 A.2d 333 (1979). The court presumes the legislature enacted section 16-262m with full knowledge of sections 7-148, 7-234 and 7-326. When two statutes appear to be in conflict but can be construed together, both are given effect. Hirschfeld v. Commission on Claims, 172 Conn. 603,607, 376 A.2d 71 (1977). Accordingly, even if the statutes conflict, section 16-262m carves out an exception to sections 7-148,7-234 and 7-326.
Further, even if the statutes can not be harmonized, the Departments erred by not giving section 16-262m its full effect. Absent manifest intent to repeal an earlier statute, when general and specific statutes conflict, they should be harmoniously construed so the more specific statute controls. Edmundson v.Rivera, 169 Conn. 630, 635, 363 A.2d 1031 (1975); Meriden v. Boardof Tax Review, 161 Conn. 396, 401-02, 288 A.2d 435 (1971). The court finds that section 16-262m is more specific than sections 7-148,7-234 and 7-326.
Moreover, when conflicting statutes cannot reasonably be reconciled, it is a well settled principle of construction that the later statute repeals by implication the earlier one to the extent that they are in conflict. Southern Connecticut Gas Co. v. HousingAuthority, 191 Conn. 514, 521, 468 A.2d 574 (1983). If the statutes cannot be reconciled, Connecticut case law requires the court to give effect to the subsequently enacted statute, rather than to eliminate a portion of the statute.
Even if section 16-262m were considered in conflict with sections 7-148, 7-234 and 7-326, section 16-262m, being the most CT Page 13746 recently enacted statute, would prevail. Reddy v. New Hampshire,28 Conn. App. 145, 156-57, 612 A.2d 64 (1992). Subsequent enactments of statutes are presumed to repeal earlier inconsistent statutes or regulations only to the extent necessary to remove the conflict. Id. citing Dugas v. Lumbermen's Mutual Casualty,217 Conn. 631, 641, 587 A.2d 415 (1991) which states "the principle of repeal by implication applies only when the relevant statutes cannot stand together."
Can the two statutes be reconciled? It appears they cannot, at least to the extent of small water companies as described above (15/25 — 250/1,000). The repeal in section 16-262m of 7-148, 7-234
and 7-326 is only to the extent necessary to remove the conflict and that is to include municipalities under the provisions of section 16-262m without any further repeal of sections 7-148, 7-234
and 7-326.
The Departments' decision avoids the conflict simply by deciding for the municipality. The Departments did not avoid the conflict. They merely removed the conflict by picking one party over the other, and this was incorrect. Moreover, they did so in face of the clear legislative intent to include municipalities in the provisions of section 16-262m and, thereby, restrict the proliferation of small water companies. Senator John Larson of the Third District spoke in favor of what became section 16-262m in 1984, stating ". . . . [e]ssentially what this bill would do would be to restrict the entry of new small water systems by encouraging interconnections through the certificate of conveyance [sic] and necessity procedure for construction of new or expansion of existing water systems." Conn. Senate Proceedings Vol. 27, p. 1275 (1984). Senator Larson's comments are cited on pages three and four of the May 5, 1993 decision. As a matter of fact, the Decision is replete with legislative history indicating that municipalities should be included in the definition of small water companies in section 16-262m. The Decision also cites Senator Kenneth T. Hampton who stated "we are constructing twenty-four units of elderly housing in Westbrook. . . [T]he minute we get it constructed. . . under current law we have to turn the system over to the public water supply company. Deed it to them at no cost." See Conn. Senate Proceedings Vol. 29, p. 2838 (1986). Further, at the bottom of page four of the Decision, it states "Transfer of ownership is the method chosen by DPUC and DHS to restrict the proliferation of small water companies." The Decision makes a good case for including municipalities under section 16-262m. It is only when the instant case was brought up that the Departments CT Page 13747 seemed to find that sections 7-148, 7-234 and 7-326 prevailed over section 16-262m. There is no evidence before the court that the Departments opposed this bill which included "municipalities," and there is no evidence before the court that the Departments argued; that sections 7-194, 7-148, 7-234 or 7-326 prevailed over section16-262m when the insertion of "municipalities" was made in section16-262m or at any time afterward until the instant case. If that were so, there would have been no need for Public Act 93-245. Moreover, the legislature is not precluded from addressing problems of statewide concern whenever the remedy affects a single locality.Shelton v. Commissioner, 193 Conn. 506, 521, 479 A.2d 208 (1984).Shelton holds, in effect, that a state-wide statute supersedes the powers of the municipality granted pursuant to section 7-148.
Further, "[i]t is well settled that a statute must be applied as its words direct." New Haven v. United Illuminating Co.,168 Conn. 478, 485, 362 A.2d 785 (1975). "If the statutory language is clear and unambiguous, there is no room for construction."Connecticut Hospital Association v. Commission on HospitalsHealth Care, 200 Conn. 133, 141, 509 A.2d 1050 (1986). Moreover, "the intent of the legislature is to be found not in what it meant to say but in what it did say." Federal Aviation Administration v.Administrator, 196 Conn. 546, 549-50, 494 A.2d 564 (1985). Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history. Id.
The clear and unambiguous language of section 16-262m should control. Section 16-262m specifically subjects municipalities tothe pre-construction or expansion requirements needed to operate awater supply system. The Departments erroneously concluded that municipalities are exempt from section 16-262m.
Accordingly, the court finds that the Departments were incorrect in its May 5, 1993 decision, as a matter of law, in finding that sections 7-194, 7-234 and 7-326 prevail over section16-262m and in exempting municipalities from section 16-262m.
As for section 7-148, which was not addressed in the Decision, the court finds that defendants' arguments concerning section 7-148
are not persuasive, and for the same reasons stated above, section16-262m does prevail over section 7-148 as a matter of law. Section 7-148 does not exempt the Town of Ashford from the CT Page 13748 provisions of section 16-262m.
C. Section 7-326
In its declaratory ruling, the Departments referred to General Statutes section 7-326 as conflicting with section 16-262m. (ROR, Item II-B). Chapter 105, section 7-326, entitled "Fire, Sewer and Other Districts," grants a municipality the power to create a "district" to operate a community water system.
The defendants conceded that section 7-326 refers to setting up separate water districts and does not refer to municipalities as such. (Oral Argument Transcript, September 29, 1995 p. 24 Ln. 17-27). Accordingly, based on these concessions, as well as the basis for the court's decision as to sections 7-194, 7-148, 7-234 and 7-326
as stated above, the court finds that the Departments were incorrect as a matter of law in finding that section 7-326 applies to the Town of Ashford, finding that section 7-236 prevails over section 16-262m and finding that municipalities are exempt from the provisions of section 16-262m.
D. Section 7-234
Section 7-234, entitled "Municipal Waterworks Systems," provides that a municipality may construct and operate a water supply system where there is no existing waterworks system. Section 7-234, however, fails to define "where there is no existing waterworks system."
The plaintiff argues that Aqua is a private waterworks system because the Department has made a finding of fact that the Town of Ashford's proposed system is within one mile of Aqua's current system. This court agrees with the plaintiff's contention and further finds that Aqua is an "existing waterworks system" because the Departments concluded that "ATS [Aqua] is a regulated water company with an operating water system in Ashford." (May 5, 1993 Decision, FINDINGS OF FACT, No. 2 p. 8). For that reason alone, section 7-234 is not applicable.
CONCLUSION
For the reasons stated above, the court finds that the Departments erred as a matter of law in finding that sections 7-194,7-234 and 7-326 prevailed over the provisions of section 16-262m
CT Page 13749 as it existed prior to October 1, 1993; the court further, finds that section 7-148 does not prevail over section 16-262m and that the Departments erred as a matter of law in exempting the Town of Ashford from the provisions of section 16-262m. Section 16-262m
and the regulations thereunder apply to municipalities to the same extent they may apply to other private entities.
The decision of the Departments dated May 5, 1993 was erroneous as a matter of law. The appeal is sustained, and the matter is remanded to the Departments for a decision on the Certificate consistent with the court's decision herein.
Rittenband, J.